

**SIGNED this 27 day of March, 2011.**

_____
**Shelley D. Rucker**
**UNITED STATES BANKRUPTCY JUDGE**
_____


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION


In re:                                              No. 10-11001
                                                    Chapter 7 Debtor

KATHY DIANE LAWSON,

          Debtor;


RICHARD P. JAHN, JR., TRUSTEE,

          Plaintiff,

v                                                    Adversary Proceeding
                                                     No. 10-1330

BANK OF AMERICA, N.A.,

          Defendant.


## MEMORANDUM

In this adversary proceeding the Trustee seeks to avoid the lien of Defendant Bank of

America in the Debtor's interest in a property located at 4224 Crestview Drive in Chattanooga, Tennessee pursuant to 11 U.S.C. § 550 and 11 U.S.C. § 544. The Trustee asserts that Defendant has failed to perfect its lien on the Crestview Drive property because the schedule containing the legal description in the Deed of Trust described property owned by the Debtor at 4533 Cloverdale Loop in Hamilton County, Tennessee.[1] The Trustee asserts that his "strong arm" powers under 11 U.S.C. § 544 are thus superior to the Defendant Bank of America's unperfected lien.

Bank of America contends that the Debtor holds the Crestview Property in a tenancy by the entirety with her husband, Robert Lawson, a non-debtor. Therefore, Bank of America argues, the Trustee is not entitled to a one-half interest in the property, but rather would only be entitled to the survivorship interest, which the Trustee admits is of much smaller value. Bank of America further asserts that its lien against the Crestview Property was perfected and that its lien is thus superior to the Trustee's lien pursuant to 11 U.S.C. § 544.

The parties have agreed to stipulate the facts in this matter and provide the court with stipulated exhibits in lieu of holding a trial.

## I.     Background

The parties have stipulated to the following facts:

1.     Kathy A. Lawson filed a petition under Chapter 7 on February 22, 2010, and Richard P. Jahn, Jr. was appointed Chapter 7 Trustee and continues to serve as such. The debtor received her discharge on August 3, 2010.

2.     The debtor, Kathy A. Lawson, is married to Robert Allen Lawson and has been so married since February 29, 2000. A copy of their certificate of marriage entered into Book No. 216, Page 375, is attached hereto as Exhibit A and

---

[1] The court will refer to the property located at 4533 Cloverdale Loop as the Cloverdale Property and the property located at 4224 Crestview Drive as the Crestview Property.

incorporated herein by reference. The date of birth of the Debtor is July 2, 1976,

and the date of birth of her husband Robert Lawson is May 4, 1967.

3.      Robert Allen Lawson is not a debtor in this case or any other bankruptcy case.

4.      By deed dated June 26, 2000, and recorded in the Office of the Register of

Deeds for Hamilton County in Deed Book 5624, page 632, Instrument No.

2000062600313, certain property known as 4533 Cloverdale Loop, Hixson, TN

37343 was conveyed to the debtor and her husband, said property being also

described as Lot 85 of Cloverdale Hills, Plat Book 20, page 93, Parcel ID no.

109D H 015. This property is the principal residence of the debtor and her

husband and is listed on the schedules as having a value of $130,000.00. In this

deed, the Debtor was referred to as "Kathy D. Hardin." The deed states, among

other things, that the property was taken in the names of Robert A. Lawson and

Kathy D. Hardin, as Tenants in Common for and during their joint lives, and,

upon the death of either of them, then to the survivor of them in fee simple. A

copy of this deed is attached hereto as Exhibit B.

5.      The Coverdale Loop residence is encumbered by a lien in favor of Wells Fargo

Home Mortgage recorded on May 3, 2004 at Book 7114, Page 945 ROHC. The

debt owed on this lien as of the petition date was approximately $99,000.00. The

property is encumbered by another deed of trust in favor of Regions Bank

recorded on October 29, 2007 at Book 8506, Page 747 ROHC. The

indebtedness owing on the petition date was approximately $41,000.00 to

Regions.

6.      The Debtor and her husband borrowed $60,000.00 on the Crestview Drive

property from Bank of America in 2003. They gave a Deed of Trust dated

September 9, 2003 to Bank of America to secure the $60,000.00 loan, and this

was recorded on September 22, 2003 at Book 6864, Page 588, ROHC. A copy of this Deed of Trust is attached as Exhibit C.

7.  The Deed of Trust on Crestview Drive to Bank of America dated September 9, 2003 was fully released on June 14, 2005, by instrument recorded at Book 7564, Page 46, ROHC.

8.  By deed dated July 31, 2001, of record in the said Register's Office in Deed Book 5933, page 508, the debtor and her husband, while married, acquired a certain lot or parcel of land identified and known as 4224 Crestview Drive, Chattanooga, Hamilton County, Tennessee. This property was acquired and used for rental property and is listed on the schedules as having a value of $67,800.00.  A copy of said deed of conveyance to this property is attached as Exhibit D hereto and made a part hereof. In said deed, the debtor was referred to as "Kathy D. Hardin." The deed states that the property was granted to "Kathy D. Hardin and Robert A. Lawson, both unmarried persons with right of survivorship for and during their joint natural lives, with the remainder over upon the death of either of them to the survivor of them."

10. On or about May 19, 2005, the debtor and her husband borrowed from Bank of America, N.A. a maximum principal indebtedness of $80,600.00 and granted a deed of trust to secure the same. This deed of trust is dated May 19, 2005, and it was recorded in the Hamilton County Register's Office at Deed Book 8207, page 127 on January 10, 2007. This deed of trust is attached hereto and made a part hereof by reference as Exhibit E.

11. The balance owing on said deed of trust is $79,431.72 as of the date of the petition.

12. The deed of trust of May 19, 2005 was intended by the parties thereto to

encumber the property known as 4224 Crestview Drive, Chattanooga,

Tennessee 37415. It was not intended to encumber Lot 85 of Cloverdale Hills in

Hixson, TN.

13.     The said deed of trust of May 19, 2005 describes the real property conveyed as

follows:

> "See Exhibit A, which is attached to this deed of trust and made
>
> a part of this deed of trust as if fully set forth herein."

"The real property or its address is commonly known as 4224 Crestview Drive,

Chattanooga, TN 37415." Attached to said deed of trust was "Schedule A," which

only described 4533 Cloverdale Loop, Lot 85, Cloverdale Hills in Hixson.

14.     The "Schedule A" describing Lot 85, Cloverdale Hills, was attached to the deed

of trust by inadvertence, error or mistake. The error was not corrected by Bank of

America by the time of the petition date.

15.     When the deed of trust recorded at Deed Book 8207, page 127, was recorded,

the Register of Deeds entered the transaction in her "notebook," describing the

property as follows:

"Cloverdale Hills, Lot 85, Block __, Unit __, address 4224 Crestview Drive."

A copy of said notebook entry under the name of "Bank of America, N.A. and

Kathy D. Hardin" is attached and incorporated by reference as Exhibit F.

16.     The Register of Deeds also entered the said deed of trust in her General Index,

again listing the 4224 Crestview Drive address and the Lot 85, Cloverdale Hills. A

copy of said General Index is attached hereto and incorporated herein by

reference as Exhibit G.

[Doc. No. 17].

The court makes the following findings of fact and conclusions of law pursuant to

Fed. R. Bankr. P. 7052.  This court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and

157(b)(2)(K) and (D).  Venue is proper under 28 U.S.C. § 1409(a).

## II.    Analysis

The Bankruptcy Code allows that a trustee may recover property for the estate

where he has avoided a transfer pursuant to 11 U.S.C. § 544.  *See* 11 U.S.C. § 550.  11

U.S.C. § 544(a) provides:

> (a) The trustee shall have, as of the commencement of the case, and
> without regard to any knowledge of the trustee or of any creditor, the
> rights and powers of, or may avoid any transfer of property of the debtor
> or any obligation incurred by the debtor that is voidable by –
>
> (1) a creditor that extends credit to the debtor at the time of the
> commencement of the case, and that obtains, at such time and with
> respect to such credit, a judicial lien on all property on which a creditor on
> a simple contract could have obtained such a judicial lien, whether or not
> such a creditor exists;
>
> (2) a creditor that extends credit to the debtor at the time of the
> commencement of the case, and obtains, at such time and with respect to
> such credit, an execution against the debtor that is returned unsatisfied at
> such time, whether or not such a creditor exists; or
>
> (3) a bona fide purchaser of real property, other than fixtures, from the
> debtor, against whom applicable law permits such transfer to be
> perfected, that obtains the status of a bona fide purchaser and has
> perfected such transfer at the time of the commencement of the case,
> whether or not such a purchaser exists.

11 U.S.C. § 544(a).

Tennessee bankruptcy courts have addressed a trustee's intervening rights

pursuant to 11 U.S.C. § 544(a)  where a mutual mistake is made in a document such as

a deed of trust:

> Tennessee follows the general rule: when parties to a contract have
> made a mutual mistake such that their written contract fails to accurately
> express their intentions, the courts will rescind the contract, abate the
> purchase price, or reform the writing to express their intended agreement.
>
> However, this rule does not apply where third parties have acquired an
> interest in real property omitted from a deed without notice of the original

> grantee's adverse claim.  Such a third party is the trustee in bankruptcy
> who under 11 U.S.C. § 544(a) has the rights of a bona fide purchaser for
> value without notice.

*Chase Manhattan Bank v. Edmondson (In re Cunningham)*, 48 B.R. 509, 512 (Bankr.

M.D. Tenn. 1985) (citing *Bigham v. Madison*, 52 S.W. 1074 (Tenn. Sup. Ct. 1899)) (other

citations omitted).

The Trustee in this action asserts that the Debtor and her husband own the

Crestview Property as tenants in common, and he seeks to avoid the lien of the

Defendant as improperly perfected. The first issue is whether the Debtor owns the

Crestview Drive property as a tenant in common or a tenant by the entirety.  The second

issue is whether the Defendant has improperly perfected its lien on the Crestview

Property so that the Trustee's lien pursuant to 11 U.S.C. § 544 is superior to the

Defendant's lien.  The court finds that the Debtor holds the Crestview Property as a

tenant by the entirety.  The court also finds that the Deed of Trust did not sufficiently

identify the particular tract intended to be conveyed; and therefore, the lien created by

the Deed of Trust is invalid. The Trustee may avoid the conveyance of the debtor's

survivorship interest in the Crestview Property.

### A.     Whether the Debtor Holds a Tenancy by the Entirety in the Crestview Property

The Deed of Conveyance pertaining to the Crestview Drive property states in relevant

part:

> . . . The Grantors have bargained and sold, and by these presents do transfer
> and convey unto Kathy D. Hardin and Robert A. Lawson, both unmarried persons
> with Right of Survivorship for and during their joint natural lives, with the
> remainder over upon the death of either of them to the survivor of them.

[Doc. No. 17-4, Exhibit D, Deed of Conveyance].  The parties concede that although the Deed

of Conveyance states that the Debtor and Robert Lawson are unmarried, they were married at

the time the deed was prepared in July of 2001.  Stipulation of Facts, ¶ 8.

The Trustee notes that in *In re Arango* the Sixth Circuit opined that: "[u]nder Tennessee law, when husband and wife hold property together, they are presumed to hold it as tenants by the entirety unless the documents which evidence their ownership indicate that the property is held separately."  *Arango v. Third Nat'l Bank in Nashville (In re Arango)*, 992 F.2d 611, 613 (6th Cir. 1993).

The Defendant responds that the Debtor holds the Crestview property as a tenant by the entirety with her husband even though the Deed of Conveyance does not so state.  The Defendant cites several Tennessee cases in support of its position.

For example, in *Griffin v. Prince*, the Tennessee Supreme Court discussed whether a bank account was held in a tenancy by the entirety.  632 S.W.2d 532 (Tenn. Sup. Ct. 1982).  In that case an individual creditor of one spouse attempted to garnish the deposits of the spouse in a joint checking account and joint savings account that he held with his wife.  *Id.* at 533.  The Tennessee Supreme Court held that the spouses owned the bank accounts as tenants by the entirety, reversing both the trial court and the court of appeals.  *Id.*  The banking agreement indicated that it was a "joint survivorship agreement."  The agreement stated in relevant part:

> This account shall be in the name of and subject to the check of either of the undersigned, and in the case of death of one, shall be subject to the check and control of the survivor.
>
> Each of the undersigned authorizes the other to endorse any check, draft, note or other instrument payable to the order of either or both for deposit or for payment and authorizes the bank to charge to this account any indebtedness of either of the undersigned to the bank.

*Id.* at 534.

The lower courts concluded that the bank accounts were not owned as tenants by the entirety, in part based on the use of the word "or" between the names of the spouses and the lack of any mention of ownership by tenancy by the entirety.  *Id.* at 534.  After reviewing Tennessee common law regarding tenancies by the entirety, the Tennessee Supreme Court

concluded that the bank accounts were owned in a tenancy by the entirety. *Id.* The court noted

that:

> It is well settled in this state that the words of a conveyance or legal instrument
> which would make two other persons joint tenants under the common law, or
> tenants in common under T.C.A. § 64-107, will create tenancy by the entirety in a
> husband and wife.
>
> This Court has permitted the use of extrinsic evidence to establish the type of
> ownership intended by the parties, and has gone very far in finding that spouses
> owned real or personal property as tenants by the entirety, despite the fact that a
> title document indicated otherwise.
>
> There is abundant authority in this state that the use of the word "or" between the
> names of spouses on a bank account or negotiable instrument does not preclude
> their ownership of the asset by the entirety and that joint property of spouses will
> be deemed to be so held in the absence of proof to the contrary.

*Id.* at 535-36.  After reviewing Tennessee cases discussing the issue, the Tennessee Supreme

Court determined that:

> Under the authorities discussed above, the fact that the account cards did not
> use the words "tenants by the entirety" or that they used the word "joint" does not
> prevent ownership by the entirety if in fact the depositors were married when the
> accounts were created, and if their marriage had not terminated at the time of the
> garnishment, both of which facts are admitted by the motions for summary
> judgment.  There is no evidence that any other type or form of ownership was
> contemplated in this case either by the bank or by the spouses whose accounts
> were opened in the manner described above. . . .

*Id.* at 536-37.  The Supreme Court reversed the lower courts and held that the joint bank

accounts were owned as tenants by the entirety.

   In this case the property is conveyed to husband *and* wife, but without any designation of

how the property is to be held during their lives. [Doc. No. 17-4, Exhibit D, Deed of

Conveyance].

   As early as 1915, Tennessee courts were finding ownership by tenancy by the entirety,

despite lack of wording indicating such ownership.  For example, in *Bennett et al. v. Hutchens et*

*al.*, the Tennessee Supreme Court addressed the ownership of a piece of land.  179 S.W. 629

(Tenn. Sup. Ct. 1915).  The plaintiffs asserted that they were entitled to a one-half interest in the

property following the death of the wife because they contended that the wife had held the

property as a tenant in common with her husband.  *Id.* at 630.   The plaintiffs sought to eject the

husband from the land.  *Id.*  The deed in that case did not mention that the husband and wife

owned the property as tenants by the entirety.  The deed, unlike the deed at issue in this case,

did indicate that the grantees were husband and wife when the deed was made.  *Id.*

The Tennessee Supreme Court concluded that the deed created an ownership by the

entireties:

> We think it is clear that this deed vested in Jefferson and Darcus Hutchens an
> estate by the entireties.  Such a deed to persons not husband and wife,
> considered under the common law, would have created in the grantees an estate
> in joint tenancy.  Each of the grantees under such a deed would have taken as
> individuals, one and the same interest at one and the same time by one and the
> same deed, and they would have held the estate conveyed by one and the same
> undivided possession.
>
> By the authorities it is held that a deed to husband and wife, which would at
> common law have created in them an estate in joint tenancy, had they not been
> married, does, by the fact of the marriage, create in the husband and wife an
> estate by the entireties.  This upon the reasoning that in the eye of the law
> husband and wife are not separate individuals, but one person, and the estate
> vests in them as an entirety. . . .
>
> It is immaterial that the deed in the present case did not on its face name the
> grantees as husband and wife; nor is it material that we find in the deed no words
> used to indicate a purpose in the grantor to create an estate by the entireties; nor
> a purpose in the grantees that such an estate should be conferred upon them.
> The estate, by the entireties, upon the execution of the deed, depended on the
> unity of the husband and wife, under the common law.
>
> "If an estate be given to a man and his wife they are neither properly joint tenants
> nor tenants in common; for husband and wife being considered as one person in
> law, they cannot take the estate by moieties but both are seized of the entirety,
> per tout, et non per my; the consequence of which is that neither the husband nor
> the wife can dispose of any part without the assent of the other, but the whole
> must remain to the survivor."
>
> "The authorities agree that 'the same words of conveyance which would make
> two other persons joint tenants will make a husband and wife tenants of the
> entirety, so that neither can sever the jointure, but the whole must accrue to the
> survivor.' "

*Bennett*, 179 S.W. at 630-31 (quoting *Cole Manufacturing Co. v. Collier*, 95 Tenn. (11 Pick.)

115, 116-17, 31 S.W. 1000 (Tenn. Sup. Ct. 1895)) (other quotations omitted).  The Supreme

Court affirmed the chancellor's dismissal of the bill of complaint which contended that the failure

to refer to the parties as husband and wife would result in the parties holding the property as

tenants in common.  The Supreme Court found that the property was held as tenants by the

entirety.  *Bennett*, 179 S.W. at 630.

In *Oliphant v. McAmis*, the Tennessee Supreme Court again found a tenancy by the

entireties in $7,000 worth of personal property despite a car and a farm truck being registered in

the husband's name alone and a lack of documents indicating ownership by tenants by the

entirety.  273 S.W.2d 151 (Tenn. Sup. Ct. 1954).  The court concluded that extrinsic evidence

could be used to determine the ownership of the property, and that an ownership of tenants by

the entireties could be "inferred from the circumstances."  *Id.* at 154.  The court concluded that,

based on evidence of circumstances surrounding the ownership of the property, the property

was owned by the entirety, including $1600 in cash held in a safety deposit box under the

names of both spouses.  *Id.*  In addition, under Tennessee law, "'[h]usband and wife take as

tenants in common or joint tenants if the conveyance so indicates.  If the conveyance is to the

husband and wife without any affirmative expression of how they are to take, there is a

presumption that they take by the entirety.'"  *First American Nat'l Bank v. Evans*, 417 S.W.2d

778, 780-81 (Tenn. Sup. Ct. 1967) (quoting *Preston v. Smith*, 293 S.W.2d 51 (Tenn. Ct. App.

1955)).

However, it is possible for a husband and wife to hold property as tenants in common or

as joint tenants.  In *Myers et al. v. Comer et al.* the Tennessee Supreme Court found an

intention to create ownership by tenants in common to a husband and wife by use of the words

"jointly and severally in equal moities."  234 S.W. 325 (Tenn. Sup. Ct. 1921).  In that case, the

court noted that:

"While a conveyance or devise to a husband and wife will ordinarily create a

tenancy by entireties, the authorities are generally to the effect that an intention, clearly expressed in the instrument, that they shall take as tenants in common or as joint tenants, will be effective, the argument in favor of this view being that since, even at common law, if persons who have previously acquired joint interests become husband and wife, they do not become tenants by the entirety, there is evidently nothing in the relation of husband and wife to prevent their acquisition of property as joint tenants or tenants in common.  The result of this view is that the existence of a tenancy by entireties is a question purely of intention, though an intention on the part of the grantor to create such a tenancy is presumed, in the absence of an expression of a contrary intention.  In other words, there is a rule of construction that, in case of a conveyance to husband and wife, the language prima facie means that they are to hold by the entireties.

It has been held that the presumption of an intention to create a tenancy by entireties is rebutted by the fact that the conveyance is in terms of a specific fractional interest to each, and that what is in terms a conveyance to husband and wife does not make them tenants by entireties if its legal effect is merely that of a release." . . .

The cardinal rule of construction of all written instruments is to ascertain from the entire instrument the intention of the parties.

It is also the general rule governing the construction of deeds, when it is sought to determine what estate was conveyed thereby, to ascertain the intention of the parties, if possible, by giving to each word of the deed its appropriate meaning and enforce that intention.

*Id.* at 326.  In *Hardin v. Chapman*, a Tennessee appellate court decision, the court reviewed the creation of tenancy by the entirety and noted that "[i]t is generally held that a tenancy by the entirety is created when a husband and wife take an estate to themselves jointly, and such will be presumed where words do not appear to the contrary or, as in the instant case, where the language used is ambiguous."  255 S.W.2d 707, 709 (Tenn. Ct. App. 1953) (citing *Bost v. Johnson*, 133 S.W.2d 491 (Tenn. Sup. Ct. 1939)); *see also, Johnson v. Russell*, No. 01A01-9611-PB-00516, 1997 WL 249961, at *7 (Tenn. Ct. App. May 14, 1997).  In *Hardin* the court concluded that the use of the words "equally and jointly" in the deed relating to the property at issue conveyed an estate by the entireties rather than one of tenants in common.  255 S.W.2d at 710.  In this case, the court can find no words that indicate a desire to rebut the presumption.  The Debtor knew how to specify such an intent.  She and her husband had done so on the

Cloverdale Property Deed by expressly stating "tenants in common."  Stipulation of Facts, ¶ 4.

In *Barber v. Westmoreland* the Tennessee appellate court summarized some rules of

construction that are applicable to all deeds in Tennessee:

> There are several concepts which are common to construction of all deeds.
> First, the deed is to be construed to effect the intention of the grantor.  This intent
> is to be ascertained from a "consideration of the entire instrument, read in the
> light of the surrounding circumstances."  Technical words are to be construed as
> the grantor intended and not necessarily in their technical sense.  In construing
> the deed the intention of the grantor will be determined without resort to technical
> rules of construction such as division of the deed into its formal parts with certain
> parts prevailing over others if at all possible.  "(I)n the construction of deeds the
> intention of the grantor is ascertained by consideration of the entire instrument of
> conveyance . . . ."  "In construing a deed, as in construing a will, the Court is
> primarily concerned in trying to ascertain the intention of the parties."  "It has long
> been the preferred rule in this state, however, that all of the provisions of an
> instrument be considered together and that the intention of the grantor of a deed
> be ascertained from the entire document, not from separate parts thereof, if at all
> possible."

601 S.W.2d 712, 714 (Tenn. Ct. App. 1980) (citations and quotations omitted) (determining that

language of deed granted a life estate to husband rather than tenancy by entirety).

This is not a case in which two persons, who were not legally married, held themselves

out as married and took title to a piece of property as a husband and wife.  In those situations,

Tennessee courts are clear that a tenancy by the entireties cannot exist between the unmarried

persons.  *See e.g., Duke v. Hopper*, 486 S.W.2d 744, 747 (Tenn. Ct. App. 1972); *Knight v.

Knight*, 458 S.W.2d 803, 807 (Tenn. Ct. App. 1970).  This case involves parties who were

married.  The parties have not directed this court's attention to any cases resolving the

ownership of a piece of real estate in which the deed of trust mistakenly identified the grantees

as unmarried, when they were, in fact, legally married.  Nor has this court located any such

Tennessee case.

The Stipulated Facts do not reveal extrinsic evidence surrounding the making of the

Deed of Conveyance relating to the Crestview Property.  They do not contain any stipulation or

even disputed evidence regarding the Debtor's intent other than what is contained in the Deed

of Conveyance itself. The court cannot ascertain, given the record presented, why the Debtor

and her husband were listed as unmarried in the Deed of Conveyance. The Deed of

Conveyance states that the Debtor and her husband hold the property "with Right of

Survivorship for and during their joint natural lives, with the remainder over upon the death of

either of them to the survivor of them."  Thus, the language of the Deed of Conveyance reflects

an intent to create a right of survivorship in the property.  The language also speaks not of

"tenants in common," but rather "joint natural lives," terms similar to the ones found to create a

tenancy by entireties by at least one Tennessee court.  *See e.g., Hardin v. Chapman*, 255

S.W.2d 707, 709-10 (Tenn. Ct. App. 1953).

In this case, but for the word "unmarried," the type of tenancy would not have been an

issue.  All of the other elements reviewed by the cases previously discussed support a

determination that the debtor held an entirety interest. The use of the word "and" rather than "or"

between the names reflects a stronger intention than that expressed by the parties in *Griffin*.

The designation of marital status is not required under *Bennett*.  The trustee has presented no

other circumstantial evidence to indicate the owners' intent to hold the property as tenants in

common nor did the parties demonstrate such an intention by using specific language as

suggested in *Myers* or as exists in the deed for the Cloverdale Property.  The court does not find

the use of the word "unmarried," without more, sufficient to rebut the presumption that words of

conveyance which would make two other persons joint tenants will create a tenancy by the

entirety in a husband and wife.  *Griffin*, 632 S.W.2d at 535.  Based on the foregoing, the court

finds that the Debtor holds the Crestview property as a tenant by the entireties.

### B.    Sufficiency of the Legal Description

The Trustee asserts that the Defendant did not perfect its lien on the Crestview Property

because the Deed of Trust incorrectly identifies the Cloverdale Property rather than the

Crestview Property.  The Trustee concludes that his interest pursuant to 11 U.S.C. § 544 is thus

superior to the Defendant's unperfected lien.  The court must determine whether the description

in the Crestview Deed of Trust was sufficient to grant a lien to the defendant.

Tennessee law requires that deeds and mortgages contain a description of the tract of

land intending to be conveyed.  *See* Tenn. Code Ann. § 66-5-103.  In *CC Holdings*

*(Tennessee), Inc. v. Tennessee Gas Transport, Inc. (In re Tennessee Gas Transport, Inc.)*, the

bankruptcy court noted that:

> Tennessee law requires that instruments conveying an interest in property
> include a description of the property.  To be valid, a deed "must designate the
> land intended to be conveyed with reasonable certainty."  Several courts have
> held that "[t]he test is whether a surveyor with the deed before him and with or
> without the aid of extrinsic evidence can locate the land and establish the
> boundaries."

169 B.R. 643, 644-45 (Bankr. M.D. Tenn. 1994) (quoting *Phoenix Mutual Life Ins. Co. v.*

*Kingston Bank & Trust Co.*, 112 S.W.2d 381, 382 (Tenn. Sup. Ct. 1938); *Wallace v. McPherson*,

214 S.W.2d 50 (Tenn. Sup. Ct. 1947)) (citing Tenn. Code Ann. § 66-5-103). *See also Jones v.*

*Mabry*, 225 S.W.2d 561, 563 (Tenn. Ct. App. 1949) (noting that "[a] deed of conveyance is not

void for want of an adequate description of the property intended to be conveyed if it identifies

the land with reasonable certainty"). The bankruptcy court in *In re Tennessee Gas Transport,*

*Inc.* noted that "[i]f the property description is insufficient, the deed is void and transfers no

interest in the grantor's property."  169 B.R. at 646.

The Deed of Trust at issue states in relevant part:

> CONVEYANCE AND GRANT.  For and in consideration of Five Dollars ($5.00)
> cash in hand paid, and other good and valuable consideration, the receipt and
> sufficiency of which are hereby acknowledged, Grantor has bargained and sold,
> and does hereby bargain, sell, convey and confirm unto the Trustee in trust, with
> Power of Sale, for the benefit of Lender as Beneficiary, all of Grantor's right, title,
> and interest in and to the following described real property, together with all
> existing or subsequently erected or affixed buildings, improvements and fixtures;
> all easements, rights of way, and appurtenances; all water, water rights and ditch
> rights . . . ; and all other rights, royalties, and profits relating to the real property,
> including without limitation all minerals, oil, gas, geothermal and similar matters,
> (the "Real Property") located in Hamilton County, State of Tennessee:

See EXHIBIT A, which is attached to this Deed of Trust and made a part of this

Deed of Trust as if fully set forth herein.

The Real Property or its address is commonly known as 4224 CRESTVIEW DR, CHATTANOOGA, TN 37415.

[Doc. No. 1-1].  Attached to the Deed of Trust is a document entitled "SCHEDULE A".  *Id.*  It

states in all capital letters:

THE FOLLOWING DESCRIBED REAL ESTATE, SITUATED IN THE COUNTY OF HAMILTON, STATE OF TENNESSEE:
LOT 85, OF CLOVERDALE HILLS, AS SHOWN ON PLAT OF RECORD IN PLAT BOOK 20 AT PAGE 93 IN THE REGISTER'S OFFICE OF HAMILTON COUNTY, TENNESSEE TO WHICH PLAT REFERENCE IS HEREBY MADE FOR A MORE PARTICULAR DESCRIPTION OF SAID PROPERTY.
BEING THE SAME PREMISES CONVEYED TO THE GRANTOR(S) BY DEED RECORDED 06/26/2000 IN BOOK 5624, PAGE 632 IN INSTRUMENT NO. 2000062600313.

KNOWN AS 4533 CLOVERDALE LOOP

PARCEL ID: 109D H 015

*Id.*

In this case, the granting clause of the Deed of Trust references an exhibit that provides

a very definite description of a tract of land and its address. However, that tract of land is not the

property the party intended to take as collateral. The Deed of Trust then continues to give a

second address for the Real Property, the defined term for the property described in the exhibit.

This second address is the property which the party intended to serve as collateral.

The defendant contends that an address alone is sufficient to adequately describe the

property. There is substantial authority for that proposition.  For example, in *Rogers v. Roop* the

court addressed whether the description of "the lot, a parcel of ground, situated in Knoxville,

Tennessee, known and described under house Nos. 1209 and 1211, Western Avenue, with

improvements thereon" was a sufficient description under the statute of frauds.  92 S.W.2d 423,

428 (Tenn. Ct. App. 1936).  The court found the description sufficient to force the specific

performance of a contract to purchase the property.  The court noted that "'[a] description of the property by street and number is sufficient where the city in which it is located is stated, either in the caption or body of the instrument.'" *Id.*

The Defendant cites cases from other jurisdictions that also indicate that a simple street address may be a sufficient legal description in a deed to convey an interest in the property. *See e.g. Harper v. Wallerstein*, 94 S.E. 781 (Va. Sup. Ct. 1918) (finding that description of property in written contract of sale as "No. 504 East Marshall street and all improvements thereon" was a sufficient description of the property where there was no confusion and the property could be identified within the city of Richmond); *Walker v. U.S. Bank Nat'l Assoc. (In re Walker)*, No. 06-2036, 2007 WL 1575062, at *2 (Bankr. M.D.N.C. Apr. 27, 2007) (finding in a bankruptcy adversary proceeding that the mortgage holder had a valid lien and that "a street address contained in a deed or deed of trust may be a legally sufficient description to convey an interest in real property" where there is a lack of confusion regarding the location of the property); *Argent Mortgage Co. v. Drown (In re Bunn)*, 578 F.3d 487 (6th Cir. 2009) (determining that under Ohio law, a recorded mortgage that only provided a street address of residential property and not a legal description gave sufficient notice to third parties of the existence of the mortgage and could not be set aside by the bankruptcy trustee).

If only the Crestview address had been given, the court might be persuaded by the defendant's argument, but that is not the case before the court.  In the cases cited by the Defendant, there was no confusion as to the location of the property at issue.  In contrast, in this case, the Deed of Trust contains information about two entirely different pieces of property, both owned by the Debtor and her husband.  Thus, the meaning of the Deed of Trust here is ambiguous; whereas, in the cases relied upon by the Defendant, the location of the relevant property was clear.

This ambiguity leaves the court with the issue of whether extrinsic evidence may be

considered to clear up the ambiguity and thereby prevent the deed from being void.

The court in *Jones* explained a general rule of interpretation under Tennessee law:

> It may be said generally that a deed will not be declared void for uncertainty in description if, aided by parol evidence of extrinsic circumstances and conditions existing at the date of the deed, the property intended to be conveyed can be determined with reasonable certainty. To effectuate the intention of the parties, the courts will apply the maxim, 'That is certain which is capable of being made certain.' And a deed will not be held void for uncertainty of the descriptive terms employed merely because, by reason of lapse of time, extrinsic evidence by which the uncertainty might be relieved is unavailable.

225 S.W.2d at 563 (quotation and citations omitted). In the *Jones* case the court was faced with

a legal description that referenced a church that was no longer in existence. Extrinsic evidence

was allowed to place the church and make a determination of the metes and bounds possible.

This case does not require that sort of clarification. In order to leave only the second address

for consideration as the sufficient description, the exhibit and its address would need to be

deleted.

In *Newton v. Herkowitz (In re Gatlinburg Motel Enterprises, Ltd.)*, the bankruptcy court

provided a helpful review of the use of extrinsic evidence to interpret a deed of trust under

Tennessee law. 119 B.R. 955 (Bankr. E.D. Tenn. 1990). In that case the bankruptcy court

addressed whether a deed of trust properly perfected a creditor's interest in the real property at

issue where the deed stated that a description of the specific property was more fully described

in an Exhibit A attached to the deed, and the registered deed failed to contain a copy of the

referenced Exhibit A. *Id.* at 959-960. In assessing the validity of the deed as originally

registered, the bankruptcy court reviewed Tennessee cases addressing the adequacy of a legal

description. The court summarized the salient points of Tennessee law in the following way:

> The distinguishing characteristic in all of the cases relied upon by Herskowitz is that there is a description of the property sought to be conveyed in each of the disputed deeds sufficient to show that some particular tract was intended to be conveyed. The Tennessee Supreme Court and Court of Appeals allowed the introduction of extrinsic evidence in each case, not to alter or contradict the terms of the deed, but to particularize the description already provided in the deed. The

> Herskowitz Deed contains no description of any particular tract of land nor is
> there a reference to the state and county in which the land lies. The only
> reference to the property conveyed by the debtor under the Heskowitz Deed is to
> the property "as is more fully described in Exhibit "A" attached hereto and made a
> part hereof . . ." There is no Exhibit "A" attached to the Herskowitz Deed
> registered May 10, 1983.

*Id.* at 966. The bankruptcy court reviewed the Tennessee Supreme Court case of *Dobson v.*

*Litton*, and quoted with approval that court's determination that parole evidence was admissible

where it "does not alter or contradict the effect or terms of the instrument, but only particularizes

the description which the instrument gives of the premises." *In re Gatlinburg Motel Enterprises,*

*Ltd.*, 119 B.R. at 967 (quoting *Dobson*, 45 Tenn. 616, 619-20 (1868)). However, the bankruptcy

court concluded that where a deed "is totally devoid of a description, . . . the court cannot resort

to extrinsic evidence to provide that description." *In re Gatlinburg Motel Enterprises*, 119 B.R. at

967. The bankruptcy court concluded that the deed at issue was unperfected under Tennessee

law as it related to third parties and that the trustee could avoid the lien pursuant to 11 U.S.C. §

544(a). *Id.*

Unlike the cases cited by the parties with insufficient or missing descriptions, this Deed

of Trust has too many descriptions. Each might be sufficient on its own, but contained in the

same document together, their coexistence makes the determination of the particular tract to be

conveyed impossible. Only alteration by deletion clears up the ambiguity. The parole evidence

which the defendant seeks to have the court consider relates to altering or contradicting the

description given, and that is not permitted. *Id.*

The parties agree that the wrong legal description was attached and the deed should be

reformed; however, the deed mayl not be reformed where other rights, such as a trustee's rights

pursuant to 11 U.S.C. § 544(a) or another creditor's rights, have intervened. *See e.g., Mountain*

*Empire Bank v. Lancaster (In re Hunt)*, 18 B.R. 504, 505-06 (Bankr. E.D. Tenn. 1982) (court had

no authority to reform deed with wrong lot number listed where another creditor's and trustee's

rights had intervened); *see also, In re Tate*, No. 99-31027, 2000 WL 33912550, at *5 (Bankr.

E.D. Tenn. Mar. 2, 2000); *In re Cunningham*, 48 B.R. at 512.

The Trustee relies on a bankruptcy case from Utah with facts similar to the situation

present here.  *See Chase Manhattan Mortgage Corp. v. Bird (In re Hiseman)*, 330 B.R. 251

(Bankr. D. Utah 2005).  In that case the plaintiff bank had provided the debtors with a loan to

purchase a house secured by a trust deed pertaining to the property.  *Id.* at 254.  The trust deed

provided an accurate street address and tax serial number, but the township and the metes and

bounds description were both inaccurate.  *Id.*  The bank recorded the deed with the county

recorder, but the recorder indexed the trust deed to the wrong piece of property due to the

inaccurate legal description in the deed.  *Id.*  The court concluded that the trustee lacked

constructive notice of the bank's trust deed.  The trustee's review of the index would have

revealed only a property owned in fee simple.  The court granted the trustee's motion for

summary judgment, concluding that he was entitled to avoid the trust deed pursuant to 11

U.S.C. § 544(a)(3) due to the lack of notice of the trust deed attaching to the relevant property.

*Id.* at 255, 258; *see also Moyer v. Edlund (In re Vandenbosch)*, 405 B.R. 253 (Bankr. W.D.

Mich. 2009) (holding that trustee was entitled to avoid mortgage under 11 U.S.C. § 544(a)(3)

due to the incorrect address in the recorded mortgage).  In this case, even the indexing was

ambiguous.

In *In re Vandenbosch* the court concluded that the trustee could avoid the improperly

perfected mortgage, noting:

> . . . in this case, it is undisputed that the mortgage granted by the Debtors in
> connection with Loan 6 describes the vacant lot adjacent to the property, rather
> than the Property itself.  Therefore, the recorded mortgage on the wrong property
> does not provide a bona fide purchaser with constructive notice of the Edlunds'
> interest in the Property and the mortgage, to the extent it may be valid, is
> avoidable by the Trustee under § 544(a)(3).

405 B.R. at 264.

The manner in which the property was indexed was discussed by the parties in their memoranda.  The index, like the Deed of Trust, lists both the lot location and the Crestview Drive address.  The parties appear to agree that the indexing of the property in the Register of Deeds is not dispositive of the perfection issue.  The court agrees.  If the description is not valid, the Deed of Trust is void under Tennessee law for the reasons given above.  As a void lien, the Trustee may avoid the lien through his status as a bonafide purchaser.

The court agrees with the Trustee's contention that the Deed of Trust failed to grant a lien to the Defendant on the Crestview Property at all.  Most of the cases relied upon by the Defendant relate to situations in which there was no confusion regarding what property was intended.  In this case, the Deed of Trust referenced two different properties owned by the Debtor and her husband, and included the legal description of the wrong property on the attached schedule.  Thus, in this situation, the Deed of Trust is confusing and ambiguous on its face and fails reasonably to identify the particular property to be conveyed.

### III.     Conclusion

As indicated *supra*, the Debtor and her husband own the Crestview Property as tenants by the entirety.  To the extent that the Defendant sought to obtain a security interest in the Debtor's interest in the Crestview Property, the Defendant failed to do so when it failed to identify the property.  The Trustee can avoid the Deed of Trust pursuant to his powers under 11 U.S.C. § 544(a) and recover the Debtor's survivorship interest for the benefit of the estate.

A separate order will enter.